UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KIMBERLY S. WHITE,

**NOT FOR PUBLICATION**

Plaintiff,

**MEMORANDUM AND ORDER**
**10-CV-1010 (RRM)(JMA)**

-against-

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee of Argent Mortgage
Securities, Inc.,
Defendants.
---------------------------------------------------------X
MAUSKOPF, United States District Judge.

On March 5, 2010, *pro se* plaintiff Kimberly S. White filed this civil action, along with a and an order to show cause for a preliminary injunction and temporary restraining order. Plaintiff seeks to have this Court stay the scheduled March 8, 2010 eviction from property located at 460 Beach 43rd Street in Far Rockaway, Queens. The property was foreclosed on October 12, 2007. Plaintiff's request to proceed *in forma pauperis* is granted for the purpose of this Order. Upon review of plaintiff's complaint and the request for immediate injunctive relief, the Court finds that plaintiff has failed to demonstrate a likelihood of success on the merits. Accordingly, the request for a preliminary injunction is denied. For the reasons discussed below, plaintiff's complaint is dismissed for lack of subject matter jurisdiction, with leave to file an amended complaint within 30 days.

## BACKGROUND

According to the complaint, plaintiff obtained a mortgage on August 1, 2006 in connection with property located at 460 Beach 43rd Street ("the property") in Far Rockaway, Queens. Plaintiff made no payments on the mortgage, because she disputed the loan amount as indicated on her

1

paperwork. The bank foreclosed on the property on October 12, 2007.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se,* her submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (citations omitted); *see also Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *McEachin v. McGuinnis,* 357 F.3d 197 (2d Cir. 2004). However, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia,* it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998).

## DISCUSSION

Plaintiff does not provide the basis for the court's jurisdiction over this matter. While the state courts are courts of general jurisdiction, the subject-matter jurisdiction of the federal courts is limited. The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal question jurisdiction, while section 1332 provides for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 513 (2006) (citing § 1332(a)).

"A plaintiff properly invokes § 1331 jurisdiction when [])he pleads a colorable claim

2

'arising under' the Constitution or laws of the United States." *Id.* Deciding whether federal question jurisdiction exists requires making "pragmatic distinctions between those allegations, if any, that raise substantial questions and those that do not." *Perpetual Securities, Inc. v. Tang,* 290 F.3d 132, 137 (2d Cir. 2002). "In so doing, we examine 'the nature of the federal question raised in [each] claim to see if it is sufficiently substantial to warrant federal jurisdiction.'" *Perpetual Securities,* 290 F.3d at 137 (quoting *Greenblatt v. Delta Plumbing & Heating Corp.,* 68 F.3d 561, 570 (2d Cir. 1995)) (bracketed text in original). Nevertheless, "[s]imply raising a federal issue in a complaint will not automatically confer federal question jurisdiction. Rather, we ask 'whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.'" *Perpetual Securities,* 290 F.3d at 137 (quoting *Duke Power Co. v. Carolina Env. Study Group,* 438 U.S. 59, 70 (1978)).

Here, plaintiff has not alleged diversity jurisdiction. While Plaintiff is domiciled in New York state, she had not identified the principal place of business of defendant.

As submitted, plaintiff's complaint fails to present a federal question. The Property has already been foreclosed in state court action. To the extent that plaintiff seeks to overturn the state court proceedings regarding the foreclosure of her home, this Court lacks subject matter jurisdiction. *See, e.g., Ashy v. Kolinsky,* 328 F. App'x 20, 21 (2d Cir. May 6, 2009) (affirming dismissal on *Rooker-Feldman* grounds where plaintiff's "underlying injury . . . was the foreclosure on her property caused by the state court order" and "she filed her complaint after the state court order had been entered."); *see also Webster v. Wells Fargo Bank, N.A.,* No. 08 CIV. 10145, 2009 WL 5178654, at *5 (S.D.N.Y. Dec 23, 2009) (Court lacks subject matter jurisdiction because in substance it is an attack on the foreclosure proceeding); *Done v. Wells Fargo Bank,*

*N.A.*, No. 08 CV 3040, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14, 2009); *Feinstein v. Chase Manhattan Bank*, No. 06 CV 1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 4, 2006).

Plaintiff has not cited any provision of federal law that would confer this Court's jurisdiction over the matter.

## LEAVE TO REPLEAD

As presently pled, this Court lacks subject matter jurisdiction over this matter. *See* Fed. R.Civ.P. 12 (h)(3); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001). However, in an abundance of caution, and in deference to plaintiff's *pro se* status, she is granted leave to amend her complaint in order to provide this Court with valid basis for the Court's subject matter jurisdiction.

## CONCLUSION

Plaintiff's complaint filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim or in the alternative for lack of subject-matter jurisdiction, Fed.R.Civ.P. 12(h)(3). Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint that asserts a basis for this Court's jurisdiction. If plaintiff fails to replead, judgment dismissing the complaint shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 5, 2010

ROSLYNN R. MAUSKOPF
United States District Judge